UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO.:   11-CIV-20354-JORDAN

RIVER TERMINAL SERIVCES, INC.,
a Florida corporation,

      Plaintiff,

vs.

*M/V RUMBA*, *in rem*,

      Defendant.

_____/

## OBJECTION TO CUSTODIAN'S FEE

COMES NOW the TRANS-RUMBA S. de R.L., as Claimant/Owner of the *M/V RUMBA*, and objects to the custodial fee charged by the Substitute Custodian and as grounds therefore states as follows:

1.      Plaintiff has appointed itself as Substitute Custodian and alleges $4 per foot per day is a reasonable custodial fee, exclusive of dockage and other expense in keeping the vessel.

2.      The *M/V RUMBA* is 275 feet in length, resulting in a custodial fee of $1,100 per day.  The reasonable norm in the Southern District of Florida is $.50 per foot/per day for a custodial fee.  See the following examples from the Southern District of Florida docket:

    *Moran Towing Corp. V. M/V Secure*; Case No. 09-23771, D.E.4  - $.50 per foot/per day;

    *Aon Risk Services, Inc., v. M/V Enchanted*; Case No. 03-60695, D.E. 3 - Custodial fee of $257 per day for a 516 foot vessel;

*Asaulenko v. M/V Atlantic*; Case No. 04-61257, D.E. 3 - $200 per day for a 296 foot vessel;

*Admiral Cruise Services, Inc., v. M/V St. Tropez*; Case No. 05-60024,   D.E. 12 - Custodial fee of $200 per day for a 370 foot vessel;

*Romero v. M/V Island Adventure*; Case No. 08-61247, D.E. 5 - $.50 per foot/per day;

*Ataieta Iafeta v. M/V Stella Maris*; Case No. 10-20740, D.E. 3 - $.50 per foot/per day.

3.     In *Bernadette Jean Julien v. M/V PACIFIC II*, Case No. 09-22457, Magistrate Judge Torres found the $4 per foot per day custodial fee charged by the very same custodian, River Terminal Services, was "excessive and unreasonable." *See*, Report and Recommendation [D.E.117], p.2, n. 1, Case No. 09-22457, S.D.FL.   In that case, Magistrate Judge Torres found $2 per foot per day a reasonable custodial fee under the circumstances:   "We are not recommending a lower rate in part because Defendants do not have clean hands in this matter.   The $2 per foot/per day custodial fee to some extent penalizes them for their inexplicable delay in seeking to reduce the daily rate Judge Graham authorized at the start of this case."   *See*, Report and Recommendation [D.E.117], p.14, Case No. 09-22457, S.D.FL.

4.     Herein, the Claimant/Owner has immediately challenged the $4 per foot/per day custodial fee as unreasonable and excessive.

5.     Undersigned counsel acknowledges there are numerous cases in the Southern District of Florida were Judges have entered orders appointing substitute custodians with custodial fees of $4 per foot/per day.   However, in most, if not all of those instances, the custodial fee went unchallenged.   The reality is that the arrest process is an *ex parte* proceeding.   The Court relies on the representations of counsel and the custodian when entering orders relating to an arrest, including the representation the custodial fee to be charged is fair and reasonable.

6.    The facts of this case are similar to those in *Bernadette Jean Julien v. M/V PACIFIC II*, Case No. 09-22457.   Plaintiff's counsel is the same.   The custodian is the same. The vessels were both approximately 275 feet in length and were arrested on the Miami River. Magistrate Judge Torres found $4 per foot/per day "excessive and unreasonable."   Yet herein, the very same counsel and the custodian assert $4 per foot/per day is a reasonable fee.

7.    It is difficult to imagine how $4 per foot/per day could be deemed "reasonable" when the same services can be obtained for $.50 per foot/per day.

8.    The Substitute Custodian's assertion the fee "is based in part on the difficulty of obtaining the arrest and tow of the vessel and the initial expense involved in hiring a towing company and coordinating the resources of the towing company and the United States Marshall" is laughable.   The pleading were filed on February 2nd, the orders entered on the 3rd and the vessel arrested on the 4th. The Order Appointing Substitute Custodian states the custodian is permitted to shift the vessel "with all attendant reasonable expenses incurred in shifting the vessel being deemed administrative expenses."   There are two towing companies on the Miami River, P&L Towing and Hempstead, and anyone having a terminal on the Miami River, such as the Plaintiff and Substitute Custodian, River Terminal Services, is familiar with the companies.   This Court has already entered an order permitting the shift of the vessel and the United States Marshal has nothing to do with the shift of the vessel   - there is no "coordinating the resources of the towing company with the United States Marshall."[1]

9.    The Order Appointing Substitute Custodian submitted by Plaintiff's counsel and

---

[1] Another troubling representation is the "Certification Regarding Emergency Matter."   [D.E. 4].   The *M/V RUMBA*, ex *RIO HAINA*, has been trading on the Miami River for over twenty years, as part of a family run business that has been operating from the Miami River for over forty years.   The vessel has made 649 voyages to and from the Miami River to Haiti and the Dominican Republic over the last twenty years.   The Plaintiff/Substitute Custodian and its counsel are well aware of this fact.

entered by the Court also states "all reasonable fees and expenditures which may be incurred or charged by River Terminal Services, Inc., .... shall be deemed administrative expenses in this action and a first charge on the vessel to be paid by the vessel prior to her release ...." That provision has the effect of taxing costs against the Defendant on an *ex parte* basis before judgment is entered. Plaintiff may be entitled to security for its claim but not payment of costs before a judgment is rendered. The Order should be amended, striking that provision.

WHEREFORE, the Defendants respectfully request the Court deem the $4 per foot/per day custodial fee unreasonable and order $.50 per foot/per day as a reasonable fee.

Dated: February 7, 2011
Miami, Florida

/s/ Patrick E. Novak
PATRICK E. NOVAK
Florida Bar No. 710570
patrickn@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
9100 S. Dadeland Blvd., Suite 1104
Miami, FL 33156
Telephone: (305) 670-2525
Telefax:   (305) 670-2526
**Attorney-in-Fact for Trans-Rumba S. de R.L.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing.

    /s/ Patrick E. Novak
PATRICK E. NOVAK
Florida Bar No. 710570

CASE NO.:  11-CIV-20354-JORDAN
PAGE 6

## SERVICE LIST

**Clifford A. Kornfield, Esq.**
kornlaw@gmail.com
Clifford Kornfield, P.A.
11400 S.W. 68 Street
Miami, FL 33156
Telephone: (305) 666-7202
Telefax: (305) 666-721
**Attorneys for Plaintiff**

**Patrick E. Novak, Esq.**
patrickn@admiral-law.com
Horr, Novak & Skipp, P.A.
9100 South Dadeland Blvd., Suite 1104
Miami, FL 33156
Telephone: (305) 670-2525
Telefax: (305) 670-2526
**Attorneys for Defendant**